THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ACY ROFF and BRAD RICHARDS,

    Plaintiffs

  v.

CORPORATION SERVICE COMPANY,
a Delaware Corporation,

    Defendants.

No. C09-0196MJP

STIPULATED PROTECTIVE ORDER

1. This Order shall govern the handling of all documents and information produced by any party to this litigation, whether produced pursuant to discovery request, subpoena, or agreement, as well as all deposition transcripts and exhibits, and any copies, excerpts, summaries, or portions of court papers that quote from any of the foregoing (collectively, "Information").

2. To protect personal or business information of a confidential nature, any party may designate such Information as "Confidential" pursuant to the procedures set forth in this Order. A party may designate as "Confidential" only that Information to which it believes it is entitled to a protective order under Federal Rule of Civil Procedure 26(c).

3. In accordance with this Order, all Confidential Information produced in this litigation shall be used solely for the purpose of conducting this litigation.

**STIPULATED PROTECTIVE ORDER– 1**
**No. C09-0196MJP**

4. The provisions of this Order shall apply to (a) all named parties; (b) any other person or entity receiving Confidential Information in this litigation; and (c) all counsel of record.

5. Information incorporated, summarized or referenced in prior trial court or appellate proceedings, information generally available or known to the public, or information comparable to such information, shall not be deemed Confidential.

6. Information shall be designated "Confidential" as follows:

   a. Documents. Designation shall be made prior to production by stamping or writing the words "Confidential." on each page of any such document or, where appropriate, on the first page of an identifiable group of documents.

   b. Answers to requests for admissions or interrogatories. Designation shall be made by stamping or writing the words "Confidential" on or near the relevant portion of any such answer.

   c. Deposition transcripts. Designation of Confidential Information shall be made by a statement on the record during the course of the deposition or by written notice within seven (7) days after receipt of the transcript by the party wishing to designate. All deposition transcripts and the information contained therein shall be deemed Confidential until expiration of the 7-day period after receipt of the transcript. If, by expiration of the 7-day period, neither party has provided written notice designating information in the relevant deposition transcript as Confidential, then such information will not be considered Confidential. With the exception of court reporters, and subject to any other limitations provided by law, only those individuals to whom this Protective Order applies may attend any depositions taken in this litigation.

7. No briefs, pleadings, or other filings with the Court that incorporate, disclose or refer to Confidential Information shall be filed by any party without the party filing such Confidential Information first filing a motion to seal in accordance with procedures set forth in Local Court Rule 5(g).

8. Except as set forth above, or with prior written consent of the producing party, no Confidential Information produced in this litigation, or information contained in or derived from such Confidential Information, may be disclosed to any person other than:

    a. Counsel for any party in this litigation;

    b. Persons regularly employed or associated with the counsel of record in this litigation, when the assistance of such persons is reasonably required in connection with this litigation;

    c. Expert witnesses, consultants, and investigators retained by any party in connection with this litigation, to the extent that such disclosure is reasonably necessary in connection with this litigation;

    d. Witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation;

    e. The Court (including court reporters and court personnel), provided, however, that all pleadings or other court filings that incorporate, disclose or refer to Confidential Information shall be filed in accordance with procedures set forth in this agreement and Local Court Rule 5(g);

    f. The Jury;

    g. Any entities responsible for providing insurance coverage applicable to claims made in this action; or

    h. Qualified reporters and videographers recording testimony involving such documents or information, and necessary stenographic and clerical personnel thereof.

9. Should any party to this litigation inadvertently produce or disclose to another party any confidential information not designated as Confidential, the producing party shall immediately notify the recipient(s) and supply otherwise identical replacement information bearing the appropriate designation. The recipient(s) shall promptly return the original information and shall make all reasonable efforts to ensure that such information is treated in accordance with the new designation.

10. At any time after receiving information that has been designated as Confidential, any party may object to the designation of information as Confidential by providing written notice to that effect to the designating party. After first attempting to resolve any objection by agreement, the objecting party may, within fourteen (14) days of the producing party's written confirmation that agreement cannot be reached, move the Court for a ruling regarding whether the information in question qualifies as Confidential Information. The Confidential status of the information shall be maintained pending the Court's ruling.

11. Prior to disclosing any Confidential Information to any person listed in paragraphs 8(c), (d) or (g) above, the person to whom the disclosure is made shall execute a written acknowledgment, attached as Appendix A. Such acknowledgments shall be retained by counsel of record of the appropriate party and produced to counsel for the other party on demand.

12. Any person receiving Confidential Information under this Stipulation and Order who is served with a subpoena for any such information shall give counsel for the parties to this Order at least fourteen (14) days' notice (or reasonable notice if the time for compliance with the subpoena is less than fourteen (14) days) before producing any such material.

13. Within thirty (30) days of the conclusion of this litigation, whether by final judgment, dismissal, or otherwise, or the exhaustion of any appeals, counsel for every receiving party shall either return to every producing party all Confidential Information received pursuant to this Order, as well as all copies of such Information or copies of documents containing material derived or extracted from such Information, provided, however, that counsel for every receiving party may maintain copies of any pleadings, including exhibits, that contain Confidential Information, so long as such pleadings and exhibits continue to be treated as Confidential in accordance with the terms of this Order.

14. Any receiving party's knowing disclosure or use of the Information protected from unauthorized disclosure under this Order may constitute contempt of court. In this

situation, the producing party shall be entitled to the specific performance of this Order and injunctive or other equitable relief as a remedy for any such violation by a receiving party.

15. Each person or entity to whom Confidential Information is disclosed in accordance with provisions of this Order hereby submits himself, herself, or itself to the jurisdiction of this Court for the enforcement of this Order.

16. The terms of this Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this litigation.

17. Nothing in this Order shall prejudice each producing party's right to disclose or otherwise make use of any of its own Confidential Information without prior court order, or to otherwise waive the provisions of this Order with respect to its own Confidential Information. A producing party shall immediately notify every receiving party if it discloses or makes use of its own Confidential Information in any manner inconsistent with its confidentiality, by disclosure of Confidential Information to third parties without a signed acknowledgment. At that time, the producing party shall also indicate whether it intends to remove the designation of Confidential.

18. Nothing in this Order shall prevent any party, after providing notice to all other parties, from applying to the Court for modification of this Order.

IT IS HEREBY SO ORDERED.

DATED this 4th day of June, 2009.

Marsha J. Pechman
United States District Judge

| | |
|---|---|
| APPROVED FOR ENTRY:<br>STOEL RIVES LLP<br><br>*/s/ James M. Shore*<br>James M. Shore, WSBA No. 28095<br>Daniel A. Swedlow, WSBA No. 37933<br>Attorneys for Defendant | FRANK FREED SUBIT & THOMAS LLP<br><br>*/s/ Steven B. Frank*<br>Steven B. Frank, WSBA No. 4944<br>Attorneys for Plaintiffs |

**STIPULATED PROTECTIVE ORDER– 6**
**No. C09-0196MJP**

# APPENDIX A — THIRD PARTY CONFIDENTIALITY AGREEMENT FOR CONFIDENTIAL INFORMATION

1. I have read and understand the attached Protective Order Regarding Confidential Information ("Protective Order") that has been entered in Acy Roff and Brad Richards v. Corporation Service Company, Case No. C09-0196MJP in the United States District Court for the Western District of Washington.

2. I understand that I may be given access to information designated as "Confidential," and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of the "Confidential" information in a secure manner and that all copies will be returned within thirty (30) days after termination of this action.

4. I understand that I will not disclose or discuss "Confidential" information with any persons other than the parties to the litigation, counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed this Third Party Confidentiality Agreement For Confidential Information.

5. I understand that all "Confidential" information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose. I understand that any use of "Confidential" information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court. I submit myself to the jurisdiction of the Court for enforcement of the Protective Order.

Signature;
Name:
Business Address:
Position:

Date:

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties involved in this matter.

Dated: Thursday, June 04, 2009

*/s/ James M. Shore*
James M. Shore, WSBA No. 28095
*jmshore@stoel.com*
Daniel A. Swedlow, WSBA No. 37933
*daswedlow@stoel.com*
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500

**STIPULATED PROTECTIVE ORDER– 8**
**No. C09-0196MJP**